RYMER, Circuit Judge,
concurring in the judgment:
I join the court’s holding because it is compelled by West v. Northwest Airlines Inc., 995 F.2d 148 (9th Cir.1993). There we determined that the plaintiffs claim for breach of the covenant of good faith and fair dealing was not preempted because state contract law was “too tenuously connected” to airline prices and services. See id. at 151. Ginsberg similarly alleges a breach of the implied covenant of good faith and fair dealing. Thus, his claim survives preemption under West.
Whether West is “clearly irreconcilable” with American Airlines, Inc. v. Wolens, 513 U.S. 219, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995), is a very close call. See Miller v. Gammie, 335 F.3d 889, 900 (9th Cir.2003) (en banc). The Court, in Wolens, held that a breach of contract claim may relate to prices and services, depending on the facts alleged. See 513 U.S. at 226, 115 S.Ct. 817. The breach claim in that case related to prices and services because the alleged facts referenced ticket-pricing and access to flights. Id. West’s rule for contract claims seems out of step with the Supreme Court’s holding. This rule also places us in tension with the Seventh Circuit. See Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1433 (7th Cir.1996) (“Morales does not permit us to develop broad rules concerning whether certain types of common-law claims are preempted by the ADA. Instead, we must examine the underlying facts of each case to determine whether the particular claims at issue ‘relate to’ airline rates, routes or services.”).
That being said, the “clearly irreconcilable” requirement presents a high thresh *1043 old, one I can’t say with certainty has been met here. West’s application of the “relates to” requirement was based on the interpretation provided in Morales v. Trans World Airlines, Inc., 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). See West, 995 F.2d at 151. Wolens affirmed Morales’ s interpretation of that clause. See Wolens, 513 U.S. at 226, 115 S.Ct. 817. As a three-judge panel, we are not free to disagree with Wesi’s understanding of Morales, even if the later decision in Wolens suggests that Morales’s interpretation of “relates to” was broader than the West panel believed.
■ If West were not in the picture, we would be faced with the Wolens inquiry of whether Ginsberg’s claim alleges a violation of a state-imposed obligation or a self-imposed undertaking. See Wolens, 513 U.S. at 228, 115 S.Ct. 817. This is a difficult question because, in some sense, an implied covenant of good faith represents both types of obligations. It is a covenant between the parties, suggesting a self-imposed undertaking, but is implied into the contract by the state, indicating a state-imposed obligation. The answer is important for airlines who otherwise may be required to defend contract actions under a variety of state laws whenever they enact changes in their frequent flyer programs. We need not resolve this difficulty today because of West’s insulation, at least for the time being, of state contract claims from ADA preemption.